Case number 176157. Antonio L. Saulsberry v. Randy Lee. Arguments not to exceed 15 minutes per side. Mr. Koppel for the appellant. Good morning, your honors. May it please the court. Jeopardy attaches when a jury is sworn, and it terminates when the defendant is acquitted, when a conviction becomes final, or, as here, when in the absence of manifest necessity, the jury is discharged without rendering a verdict. Now, Supreme Court precedent is clear. In that last scenario, it does not matter whether the jury ever considered the charges. That's because the interest… What would happen – I know this isn't what happened here, but just out of curiosity, what about a judge that was nervous about jurors following instructions, nervous about confusing jurors with too many instructions? So in this case, unless you do a certain thing, I'm not even going to show you these other instructions. I'm holding them back, and once you've made your decision on count X, we'll decide whether to give you these instructions on count Y or Z. So in other words, they don't even have them. They don't even know they exist. They don't even know what they're about. It might relate to felony murder, but maybe not. What would we do with that kind of situation? So everything else about my hypo is exactly this case, except the judge just holds it all back. He doesn't even tell them there is such a thing as felony murder, and certainly doesn't instruct them on it. And the instructions are conditioned on whether they do one thing or another. How would that work? If the jury is dismissed without ever seeing those charges or rendering a verdict on the charges, jeopardy still terminates. Because if the indictment… So the double jeopardy clause would apply in the example I've just given? That's correct. That was the court's case in Saylor v. Cornelius. That's not the U.S. Supreme Court's case. That was our court case. That's correct. We do believe de novo review applies. But in any event, it was also the case in, for instance, United States v. Jorn, Downing v. United States Supreme Court cases, where the trial was terminated before the charges ever went to the jury. The judge declared a mistrial. Before the government had finished presenting its evidence, the Supreme Court held that because there was no manifest necessity to do that, jeopardy still terminated. Jeopardy attaches as soon as the jury is sworn on all charges. Your view of the idea of explicit versus implied acquittal is it's a false dichotomy. There is no such thing. Once there's whatever it is, it doesn't matter. In other words, there is no such thing as applied acquittals apply here but not there. They're always. That's correct. Counsel, this is Judge Donald. As part of answering that question, I just want to have you also address, is it your position that so long as the jury is advised of the existence of the charge at the time they are sworn, whether or not they are instructed on that charge or not, that jeopardy would run to all of the charges contained in the indictment that were in fact presented to the jury even if they did not get an instruction on them? Is that your position? That's correct. I don't even think the jury ever has to be aware that the charge was in the indictment. As long as the charge was in the indictment so that the prosecution can go ahead and press that theory against the defendant if it chooses to do so in the trial, jeopardy has attached. If the rule worked, that's a beautiful, bright line, very easy to implement, but we know that even the mistrial rule has exceptions. So that suggests, that makes it hard to believe we wouldn't have exceptions when it comes to some implied acquittals but not others. So to answer your question from earlier, Judge Sutton, an implied acquittal is not necessary for jeopardy to terminate. The Supreme Court has held that jeopardy terminates whenever the jury is discharged without rendering a verdict except in the one case of a manifest necessity. I'll qualify. The second case is where the defendant himself requests the mistrial. But acquittals are an explanation for applying double jeopardy. It's like the prototypical. It is the first and foremost application of double jeopardy. That's correct. It's not necessary. Right. That's right. So jeopardy termination – That's actually my point. What do you mean it's not necessary? You're saying it's always true. That's what I'm finding so puzzling about this. You're saying in all cases where there's a charge, who cares about whether impliedly they acquitted? Don't even worry about acquittal. That's barking up the wrong tree is what I'm hearing you saying. That's correct. Jeopardy terminates when the defendant is acquitted, when a conviction becomes final, or when the jury is discharged without rendering a verdict. So even if the jury never considers the charges, as in this court's case in Saylor v. Cornelius, in the Supreme Court's cases in Jorn and Downham, jury still terminates as soon as the jury is discharged. The defendant has been put to the expense and ordeal of trial. A second trial would put the defendant to that expense and ordeal and embarrassment again. It enhances the prosecution's opportunity to convict because the prosecution knows the weaknesses of its own case, the strengths of the defendants. These are the interests that the double jeopardy clause protects, and they are applicable whether or not the jury has rendered a verdict, whether or not the jury has ever considered the charges presented. So you're saying that these types of instructions just are not permitted. I mean, you can do them, but the prosecution basically forfeits. Accepting a verdict on one count is the equivalent to forfeiting all of the other counts. That's correct. The instructions are permissible. There's nothing inherently erroneous about them. But if what happened in this situation occurs, the prosecution cannot re-prosecute on charges that the jury did not reach. The prosecution takes that risk with a sequential instruction of this type. But sequential instructions don't need to be of this type. The judge could have, as the Tennessee Supreme Court said it should have done, the judge could have instructed the jury, consider the counts in sequence, but render a verdict on each of them. In that case, the defendant's right to have his charges decided by a particular tribunal, the jury that was in panel. Did the defendant make that objection? He did not. But the defendant did not have – As a matter of strategy, I can see that. I can imagine that strategy. See the benefits of – it's not obvious you would want them looking at everything no matter what. That's correct. It was not the defendant's responsibility to ask the trial court to put additional charges in front of the jury or to instruct the jury to render additional verdicts in this prosecution against the defendant. But certainly the prosecution – How about this? Just to tell you just where I am on the case to be totally straightforward. Your broadest argument has support in U.S. Supreme Court cases if there's a mistrial. So that's your broadest argument about focus on the charge. But those cases are all mistrial cases. I don't even know of a court of appeals case that accepts that broad argument without it being a mistrial. Here we don't have a mistrial. So that leads to the applied acquittal, which is the narrower argument. That doctrine also is recognized in the U.S. Supreme Court. But in all of those cases, it was quite fair to infer the jury made a decision about that count. Here it's not fair because the jury was instructed not to. So that's where I see it as difficult. I see it difficult even without AEDPA but doubly difficult with AEDPA. So Greene relies on those mistrial cases. Greene is applying that rule in the context where the jury has rendered a verdict on one but not all charges. So Greene – this is at page 191 – cites Wade v. Hunter, which is one of those mistrial cases. It's a case where they were instructed to look at all the counts. I'm sorry? Greene was a case where they were instructed to look at all the counts. That's correct, but the court said the result of this case – I mean you can go down the road. I'm just telling you what my objection was, and you're – I told you that the second cases, the implied acquittal cases, were cases where they were allowed to look at the other counts. And so if you're going to – I mean you can keep talking. I'm just trying to make sure you understand what my concern is. I understand, but the interests protected by the Double Jeopardy Clause are implicated, as I said, whenever – as soon as the defendant is put on trial. Whether or not the jury ever considers those charges, he's been put to the embarrassment, expense, and ordeal of trial. Those concerns that Greene mentions and that the Supreme Court has repeatedly mentioned are the interests protected by the Double Jeopardy Clause. The prosecution gains an advantage from being able to put its case on twice, learning from the mistakes that it made the first time and the weaknesses of the defense's case. And all of those interests are implicated whether or not the jury ever considers the charges. And Greene was very explicit. The Supreme Court said that its decision did not rest alone on this idea of implicit acquittal. It was enough that Greene had been put to trial for first-degree murder, and the jury didn't render a verdict on that charge. And Greene cites Wade v. Hunter, which is one of those mistrial cases, as you call them. And in this court, applying Greene in Saylor v. Cornelius, in Terry v. Potter, said jeopardy terminates without an acquittal, without a conviction, the simple fact that the defendant was put to trial and the jury was dismissed without rendering a verdict. That means that the defendant cannot be put to jeopardy a second time. And do you want to say anything about 2241? Yes. So as I mentioned, the standard of review here is de novo. At the time that Mr. Salisbury filed his habeas petition, he was a pretrial detainee with respect to the felony murder charges. And as this court has repeatedly held, a pretrial habeas petition is filed under Section 2241 and it receives de novo review. And that is the case whether or not the state court has adjudicated the claim on the merits, and it's the case whether or not judgment is entered in the meantime while the habeas petition is pending. What's your best case, court of appeals case, where it's this back pattern, where it starts out as 2241, but by the time it's decided there's actually a judgment? It's no longer pre-decision? This court's decision in Smith v. Coleman was exactly this. But it's unpublished. It is unpublished. That's correct. And it relied on circuit cases that no longer follow that rule. I don't believe it. In other words, it relied on out-of-circuit cases and those circuits no longer adopt that rule. I'm not certain that that's true, that none of those other circuits. I think that no circuit in a published decision has confronted the issue and discussed it and reached a decision either way. I believe that Smith v. Coleman actually is the only one that really engages with the issue, and as brief as it is, but it does hold that what's relevant is the time of the filing of the petition. And as the court pointed out in that case, it's really the only one. Your light's on. You'll get your full rebuttal. So thank you. Thank you. Good morning, Your Honors. It may please the court. Michael Stolf for the respondent. The district court properly dismissed Petitioner's sole claim in this case because there simply is no Supreme Court precedent, which stands for the proposition that jury silence due to sequential instructions operates as a – What about Green? Green doesn't stand for that proposition either, Your Honor. There's two seminal cases on this issue, the one that you just mentioned, Green v. United States and Price v. Georgia. And they both deal with implied acquittal, which, as the court pointed out, is the petitioner's second argument. But they both have two factors that are required before an implied acquittal doctrine can be applied. The first is that the jury is given a full and fair opportunity to decide the verdict. Clearly that didn't happen in this case. Sequential instructions instruct the jury that they are to consider, in this case, the premeditated murder charge first, and then only upon acquittal of that charge are they to consider the felony. He says that normally that wouldn't be the right way to instruct on these counts. Is that true? Green v. United States says that. No, no, no, in this case, under – is this Tennessee law? Yeah, Tennessee law. Under Tennessee law, normally you wouldn't do that kind of sequential instruction. The Tennessee Supreme Court has affirmed again and again that implied acquittal first instructions are constitutional, Your Honor. There is a number of policy considerations that are taken into account. The Tennessee Supreme Court has erred. I thought the point he was making was slightly different, that whether they're constitutional or not, that would not be the norm. That wouldn't be what Tennessee state courts would have done with this particular thing normally if they did it the right way. That's the point that the petitioner is making, Your Honor, but that's not the correct point. So on federal habeas review, whether it's de novo, which we can get into if the court wishes, or deference is applied, you still need a constitutional basis to find relief. So what the Tennessee Supreme Court has said is that sequential instructions are not preferred, but they are allowed. They are legal. They are proper. They are constitutional. There are many policy considerations that support that decision. They urge the trial courts to not use them unless absolutely necessary, but there's nothing about them that was either unlawful or unconstitutional either now or at the time they were given. And the reason they urge the courts not to do it is because of potential double jeopardy problems. That's right, Your Honor, yes. But they are not unlawful. They are not disallowed, and they are certainly not constitutional. In fact, the U.S. Supreme Court as recently as 2011 has affirmed the constitutionality of acquittal-first instructions. This court as recently as 2013 has affirmed the constitutionality of acquittal-first instructions. Right. Go ahead. The question there is whether you should be instructing the jury that they can move around sort of in discussing these different possibilities when you have lesser, not necessarily lesser included, but different possibilities for the same basic offense. And the court says, no, you don't have to. That's not unconstitutional. You can require that they acquit or find or have a reasonable doubt about the highest before letting them deliberate on the second. But that's not the same as saying that there are no double jeopardy consequences of doing so, and that's what the Tennessee court was saying, that there's a problem if you do this, because if something is later reversed, then you've sort of blown it. What the Tennessee Supreme Court was saying was that there could be an issue, but these types of instructions and the jury is presumed to follow their instructions does not constitute a presumption of error. And there's no reason to believe that. Well, I don't think anyone's arguing that. I think the issue is what is the consequence of that instruction? Well, again, Your Honor, on federal habeas review, the issue is whether or not the Constitution was insulted by this fact pattern. I think that when they say that the Constitution was not violated by that practice, they're talking about a different issue. There's no double jeopardy issue until there's a second trial. Well, I think we can look to Your Honor's point. I think we can look to the decision in this case where the state court found that there was no double jeopardy violation, and the petitioner was allowed to be retried. In that specific case, the court cited to four state cases, which were analogous to this fact pattern, and decided that double jeopardy was not implicated, and that those defendants and this petitioner can be retried. So even if the Tennessee Supreme Court has urged trial courts to not utilize this practice, in a number of cases they have found that it's appropriate, and it does not insult double jeopardy principles. I mean, I started this down this road. I mean, one critical point is they're not challenging the constitutionality of the instruction. That's not in front of us. I know. You agree with that. I'm just making the point that the question is what's the implication of using a constitutional instruction for double jeopardy purposes. And in terms of state law, that's a state law question, Your Honor. But on federal habeas review, we have to ask ourselves whether there's any federal precedent, whether it's de novo or under deferential 2254. Is there any federal precedent which results in – Let's say it's de novo. What about our decision in Saylor? Well, you would still need to find a constitutional basis to support that. The decision in Saylor was different in several regards. Again, you had the jury was given the opportunity to return a verdict on all the charges, although they were not instructed on the accomplice charge, on the accomplice alternative theory of the unitary charge. So in that situation, you had a unitary charge. This situation is completely different. You have two separate charges. In Saylor, the other key difference is that this court focused on the vexatious nature of the prosecution. The trial court failed to instruct on the alternate theory. The prosecution made no effort to correct that instruction so that the jury could be informed and return the verdict on that. This court focused on the nature of that decision. And in this situation, you don't have that. You don't have any type of vexatious prosecution. And the petitioner sort of focuses on the detriment that the defendant suffers by having to be retried. And what about Terry? Terry was a similar situation, Your Honor, albeit a little bit differently. In Terry, the jury did not return a verdict form with a decision rendered on it. So they were properly instructed in that case, and they had a full opportunity. The judge offered what's known as destructive instructions, not sequential. But they were allowed to return a verdict on any and all the charges that were presented before them. They elected to not return a verdict because they left the form blank. This court didn't focus so much on the vexatious nature of the re-prosecution in that case. That was a straight implied acquittal doctrine case where you had both factors met. First, the jury had a full and fair opportunity to return the verdict. Second, you had one unitary charge, and the jury returned a verdict on the lesser charge, therefore implying that they had looked through the greater charge and found guilty on the lesser charge. That's not the situation. But was there a position that neither Terry nor Stengler created new constitutional rules? No, Your Honor. They were applications of the implied acquittal doctrine. Do you agree that there are several interests or aspects of the interest involved? One is being tried again when there's been an acquittal. But the other has to do with being put in jeopardy more than once with the same charge. Do you agree that those are separate interests? Yes, Your Honor. There's a multitude of interests here. And to be honest, nobody preferred— So was he in jeopardy on the felony murder charges? He was in jeopardy until the jury returned a verdict of guilty on the premeditated murder charge. And the premeditated murder charge is different from the felony murder charge, right? It's a completely separate charge, Your Honor. So he was in jeopardy and jeopardy ended without— No, Your Honor. Okay. It didn't end because the jury didn't have an opportunity to return a verdict on that charge. He just said he was in jeopardy until the jury returned a verdict. So it seems to me that you can have it both ways. He was in jeopardy because you acknowledged that and you said that jeopardy terminated or ceased at a point. But under the jurisprudence, is that the way we look at it? It begins and then if there's something that happens along the continuum, then we have another shot. Is that it? I'm not sure, Your Honor. The way you look at it is there is always going to be a point where either jeopardy continues or jeopardy terminates. So the question you have to ask yourself is when you reach that point, if you're going to have a retrial, what happened at that point to either terminate or continue jeopardy? And in the doctrines that are proffered by the petitioner, they're inapplicable to the facts in this case. So the closest doctrine that we have in a situation where the jury was offered instructions, acquittal first instructions, jeopardy continues unless the jury acquitted first. And then jeopardy would attach to the verdict rendered on whatever charge or alternate theory is being potentially retried. Here there was no explicit or implicit acquittal, and so you're saying that under that doctrine that there was – that the termination of jeopardy then allows the government to again avoid the general jeopardy proviso. That's basically correct, Your Honor. Essentially what it comes down to is there's no Supreme Court case or federal precedent which would allow – which invokes the Fifth Amendment under these facts. So the Supreme Court has stated that the constitutionality of this fact pattern is appropriate, and jeopardy continues, and the petitioner can be retried. And I'd just point out that this court in Terry found almost essentially that this set of facts would be constitutionally appropriate. This court stated in Terry that we recognize that if a charge of murder is brought under two legal theories, such as direct and accomplice liability, or two factual theories, such as shooting and stabbing, the reversal of a conviction based on only one of the theories may not bar retrial on the other theory, citing United States v. Garcia. So this type of situation was – But that's not this situation. Well, you have two separate charges. And so what the court is saying, even if you had just alternate theories and you had a situation where it was brought under those alternate theories, there's still an opportunity for a retrial. So it's not as simple as asking ourselves, were the charges first brought on the first occasion? Right, but what they were analyzing is whether – the question whether jeopardy is continuing on the offense and whether it's the same offense basically. Well, they were asking – they were looking at it whether it was the same charge, Your Honor. So that's what those cases focus on. If the jury passes through the greater charge to the lesser charge, there is an understanding or implied understanding that the greater charge was acquitted on. And so – but that's not the situation here. And so there's a multitude of situations that I think the court understands not only to go through them where retrial is necessary. And it's not to anyone's advantage. I mean no one is trying to go through, as the petitioner points out, the expense of a retrial, the possibility of an acquittal, the resources that are necessary to conduct that. And as this court sort of pointed to in Saylor, when you have a situation where it's sort of a vexatious reprosecution, then certainly I think the double jeopardy issue needs to be examined very closely. But when you don't have that – I don't know. I don't know that it has to be vexatious. I'm not sure that one would characterize Saylor as vexatious. But, I mean, we really don't know what happened there. But is the question whether it's vexatious or whether there was anything standing in the way of obtaining a verdict on the different charges? Because if you say as long as it's not vexatious, you can set up any system you want, then you can conceive that someone could be tried on a little cluster of charges again and again. No, certainly, to Your Honor's point, it's certainly about whether or not it's appropriate to have a retrial. But I'm simply pointing out that some of the underlying rationale and analysis considers the issue of whether or not. Why can't you have a verdict on each alternative? Because the instructions require that you don't unless – But why can't you? Why do you have to instruct that way? You don't have to, Your Honor. It's at the discretion of the trial court, and they chose to do that. But why does the trial court – why is it okay? If it's purely a matter of discretion or just the way the judge likes to do things, and it's not – I understand that. A judge may think this is the logical way to do it. There's no sense. And once you have a verdict of guilty on one of the charges, there's no reason to go on. But if there's no reason that you need to do that, then why is the defendant's jeopardy subject to such whims? So that someone might, in fact – a series of events could happen, and someone is tried four times because you get one verdict, and the judge isn't so great at trial, and it keeps getting reversed. And, I mean, why not just get the verdict on all of them? There are important policy considerations that are important to consider when deciding whether to allow these types of instructions. Some of those policy considerations are it's the trial court's job to fashion deliberations in such a way that they're structured so that the jury can understand what's before them and consider the charges in a way that's deliberate, and the Supreme Court has pointed this out, avoid compromised verdicts. So to your point, the trial court does – I think you've answered it, and I think your light's on. Thank you. So thank you, Mr. Koppel. Your rebuttal. Thank you. The State does not, in its brief, does not try to distinguish Taylor or Terry and Saylor. And, in fact, there is no distinction. And opposing counsel's attempt to distinguish those cases here falls flat. In Saylor, the jury was never instructed on the theory of accomplice to murder. And so the jury did not consider that charge. It could not have convicted on that charge. I do want to go back to those mistrial cases that your Honor – that we were discussing earlier. There's nothing to distinguish this case from those mistrial cases. Except there wasn't a mistrial here. There's nothing about the term mistrial that – I mean, the term mistrial is simply – There is something about it. Mistrial, that doctrine has exceptions. But the mistrial – which is what you're relying on, and sometimes it doesn't. So it is its own mini-doctrine, no? It is, but this case fits within that doctrine as well as – Every way but one. There wasn't a mistrial. A mistrial is simply a label for when the jury is discharged before it can render a verdict. It can mean that the jury is hung. It can mean that the charges are never sent to the jury because – How about if I put it this way? I mean, if we're going to rely on the mistrial approach to it, why isn't it fair to let the state have the option of saying, well, one of the exceptions to the mistrial double jeopardy rule applies here. Of course, no one raised that argument because there was no mistrial. But if we were treating it like a mistrial, we would have to consider those exceptions to the double jeopardy mistrial rule. Yes? I mean, isn't that obvious? I think that's correct. The only exception being manifest necessity. And it is undisputed that there was no manifest necessity in this case. Well, yeah, I mean, that's easy for you to say. You're raising it on rebuttal. They've never had a chance to argue that because no one ever thought they should, not being a mistrial. We have a section in our opening brief. I believe that the heading is something along the lines of, there was no manifest necessity to terminate trial, to discharge the jury without a verdict. We did raise this in our opening brief. And the Tennessee Court of Criminal Appeals, in Mr. Salisbury's co-defendant's case, Howard, on his double jeopardy claim, the state court addressed the manifest necessity issue and said there was no manifest necessity for this type of acquittal first instruction, and there was no manifest necessity for discharging the jury without rendering a verdict on the felony murder counts. I believe that this issue was squarely presented because this is the line of cases that we are relying on, going all the way back to United States v. Perez, Jorn, Downham, Arizona v. Washington, Wade v. Hunter, all of these cases which we cite in our brief, those are all the mistrial cases. They all stand for the proposition that jeopardy terminates when the jury is discharged without a verdict, absent manifest necessity. And there was no manifest necessity. If you win, wouldn't it be, particularly if you win under AEDPA, wouldn't it be quite clear that sequential jury instructions are unconstitutional? The instruction itself is not unconstitutional. No, but in this setting, it would always be unconstitutional to use the option preserved by a sequential jury instruction. That's correct, and I think that it would encourage the courts to give this other type of sequential instruction where the court instructs the jury to consider charges in sequence yet render a verdict on every count. That preserves... Missing the key feature of a sequential jury instruction. That preserves the defendant's right to have his charges decided by a particular tribunal to be put to trial once... But the effect is where I started. No sequential jury instructions. I mean, why would you do it if it had this consequence? And it just seems very strange to backdoor it through double jeopardy as opposed to the straightforward way of saying sequential jury instructions are unconstitutional. I don't think, though, that this type of acquittal-first instruction is all that common. I do think that the more common approach is the one that I mentioned. I do really quickly want to go back to this issue, however. Tying the standard of review to the time that the petitioner filed his habeas petition, as this court pointed out in Smith v. Coleman, is the only workable rule. Because of the delay of habeas cases, the long time the habeas cases take, any other rule would see 2241 petitions converted to 2254 petitions on a regular basis. And especially in the double jeopardy context, which is where... It is 2254. That's correct. But in just a couple circumstances, here double jeopardy is one of them, the petitioner does have the right to file the petition before retrial. And he should not be punished and see a higher standard of review simply because the State has ignored his double jeopardy claim and gone ahead and violated his right by putting him to retrial. I'm sorry for those questions. Thank you. Thanks to both of you for your excellent arguments. Mr. Koppel, I see you were court appointed. We're really grateful. I hope Mr. Salzberg is really grateful. You wrote a terrific brief and gave a great argument. So thanks so much. It's really helpful to the system. Thanks to both of you. Thank you. May I call the next case?